Lyons, President,
delivered the resolution of the court, as follows:
“ The court is of opinion, that, in bargains and contracts of every kind, a full, fair and correct representation of all material facts, matters and circumstances respecting the article or thing about which parties are bargaining, and all the qualities of, and concerning it, ought to be clearly stated and fully understood; good conscience dictating, and good faith requiring, that no material truth should be suppressed, or falsehood suggested : which principles are the governing rules of decision in courts of equity, where contracts founded on fraud or accident, or induced by misrepresentation or con- ! cealment, even by mistake, without the design of either party,; are declared to be null and rendered void, as contrary to good faith and true conscience.
“ That the appellee having only a temporary estate and interest for a term of years in the land whereon the house insured by him stood, as stated in the proceedings of this cause, and not having disclosed his true title and real interest in the said land, fully and fairly in the declaration he made of it to the appellants at th.e time they insured the said house, as he ought to have done, his case comes within the above rule respecting concealment or misrepresentation; and whether done by design, or mistake, renders his contract with the insurers null and void; especially, as, by the constitution, rules and regulations of the society, formed by the insurers in this case, the assurance was mutual, and the insured bound to pay a share, according to the sum insured, of all losses sustained by any of the insurers and partners in the insurance company; and the property of each person so insured being bound for such payment, ought to be as permanent as the property of the others to answer such losses; or, if not so permanent, should, at least, be *520 known to the company before insurance thereof made; and that, therefore, the appellee, under all the circumstances this case, is not entitled to recover the money claimed by him in his bill filed in this cause, for the value of the house insured by him, which was burnt down : but, as no fraud appears to have been contemplated by him, and the insurance might have been made and done through the mistake or misapprehension of both parties, this court is of opinion that all money paid or advanced by the appellee to the appellants, or their agents for premiums and quotas on account of his insuring the said house, should be repaid to him with interest, and that the parties ought to bear their own costs in the said court of chancery : Therefore it is decreed and ordered that the decree aforesaid be reversed and annulled, and that the appellee pay to the appellants their costs by them expended in the prosecution of their appeal aforesaid here.
“ And it is ordered that this cause be remanded to the said court of chancery, for an account to be taken and a decree to be entered according to the opinion and principles of this decree.”